# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
Assigned on Briefs May 20, 2015

## STATE OF TENNESSEE v. DONALD BIGGS

**Appeal from the Criminal Court for Knox County**
**No. 102471, 102551, 102552, 102553, 102554, 102792     Steven Wayne Sword, Judge**

_____

**No. E2014-01650-CCA-R3-CD – Filed September 30, 2015**

_____

THOMAS T. WOODALL, P.J., dissenting.

I would affirm the judgment of the trial court in this case, and therefore I respectfully dissent from the majority opinion. I want to make it clear that I do not dissent for the reason the sentence imposed by the trial court is the most appropriate sentence for the Defendant. In fact, had I been the trial judge, I would have been persuaded by the logic set forth in Judge Thomas' opinion to sentence the Defendant to an effective sentence of 22 years.

However, I was not the trial judge in this case. I am obligated by supreme court case authority to affirm this court judgment which imposes consecutive sentences. I must do so even when I would have reached an entirely different result for valid, logical, and legally sound reasons.

Our supreme court has held that as to consecutive sentencing, the presumption of reasonableness applies to give "*deference to the trial court's exercise of its discretionary authority* to impose consecutive sentences if it has provided reasons on the record establishing at least one of the seven grounds listed in Tennessee Code Annotated section 40-35-115(b)". *Id.* (emphasis added)

The majority opinion in this case does not conclude that the trial court failed to address on the record the principles and purposes of Tennessee's Sentencing Act. In *Pollard* our supreme court stated,

> The underlying principle, of course, is that the trial court *must be afforded broad discretion* in its sentencing decisions and the

> presumption of reasonableness will apply unless the trial court fails to address on the record the principles and purposes of our Sentencing Act.

*Id.* (emphasis added).

My review of the record reveals that the trial court made detailed findings, with analysis, of the principles and purposes of the Sentencing Act as to the Defendant's sentencing. It is my interpretation of the supreme court's holding in *Pollard* that as long as a trial court complies with this stated standard, and the trial court does not impose an illegal or otherwise unauthorized sentence, then it cannot be concluded by an appellate court in Tennessee that the trial court has abused its discretion solely because the appellate court would reach a different result. ("We hold that, when a trial court places findings on the record to support its sentencing decision, the applicable standard of appellate review for a challenge to the imposition of consecutive sentences is abuse of discretion with a presumption of reasonableness." *Pollard* at 853).

Does this standard of review effectively eliminate any meaningful appellate review of a trial court's sentencing decision? In my opinion it likely does. Does it undo the worthy goal of the Tennessee Criminal Sentencing Reform Act of 1982 to create "a comprehensive sentencing scheme designed to establish 'fair and consistent treatment of all defendants by eliminating unjustified disparity in sentences'"? *Id.* at 856. In my opinion it has taken a monumental step in doing so.

An abuse of discretion occurs when a trial court applies an incorrect legal standard or reaches a conclusion that is illogical or unreasonable. *State v.* Lewis, 235 S.W. 3d 136, 141 (Tenn. 2007). "Abuse is found when the trial court has gone outside the framework of legal standards or statutory limitations or when it fails to properly consider the factors on that issue given by the higher courts to guide the discretionary determination." *Id.* (quoting Martha S. Davis, *Standards of Review: Judicial Review of Discretionary Decision Making*, 2 J. App. Prac. & Process 47, 58 (2000). I fail to see how the trial court's sentencing decision in this case meets the definition of an "abuse of discretion."

I think it is noteworthy that the appellate court in this case does not dispute the findings of fact made by the trial court as to the circumstances in this case. The difference is due solely to an application of the law to those facts. Despite the fact that three of the four judges who have heard this case conclude that a sentence of 22 years is appropriate, in my opinion the limits on appellate review mandate that the sentence of 44 years must be affirmed. My esteemed colleagues disagree with my analysis. In this case, I am not hesitant to say that I hope their analysis is ultimately adopted. However, I am compelled, reluctantly, to conclude that under the standard of review we must follow and

2

with the extraordinarily broad discretion given to the trial courts in sentencing, that this sentence structure must be affirmed.

_____
THOMAS T. WOODALL, PRESIDING JUDGE